BERTRAM FIELDS (SBN 024199)
BFields@ggfirm.com
CHARLES N. SHEPHARD (SBN 078129)
CShephard@GreenbergGlusker.com
JAMES R. MOLEN (SBN 260269)
JMolen@GreenbergGlusker.com
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590
Telephone: 310.553.3610
Fax: 310.553.0687

Attorneys for Defendants
DAN GOOSSEN AND GOOSSEN TUTOR
PROMOTIONS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE WARD,

Plaintiff,

vs.

DAN GOOSSEN and GOOSSEN TUTOR PROMOTIONS, LLC,

Defendants.

Case No. 3:14-cv-03510-TEH

*Assigned to: Hon. Thelton E. Henderson*

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES**

[Declaration of James R. Molen filed under separate cover]

Date: December 15, 2014
Time: 10:00 a.m.
Place: Courtroom 2

Complaint filed: August 4, 2014

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on December 15, 2014, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 2 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Dan Goossen and Goossen Tutor Promotions, LLC ("Defendants") will and hereby do move for an order staying all proceedings in this action pending Defendants' appeal to the United States Court of Appeals for the Ninth Circuit from the District Court's Order Denying Defendants' Motion to Compel Arbitration, entered in this action on October 15, 2014.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of James R. Molen, the other files, records, pleadings and papers in this action, including any reply papers that may be filed in connection herewith, and on such further oral or documentary evidence as may be presented at or before the hearing on this matter.

DATED: October 31, 2014

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: */s/ Charles N. Shephard*
CHARLES N. SHEPHARD (SBN 078129)
Attorneys for Defendants Dan Goossen and
Goossen Tutor Promotions, LLC

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........ 1

II. PROCEDURAL BACKGROUND ........ 2

III. ARGUMENT ........ 2

A. Defendants' Appeal Presents Substantial Questions ........ 3

B. Failure to Grant a Stay Would Cause Defendants Irreparable Harm. ........ 7

C. Granting a Stay Pending Appeal Would Not Prejudice Plaintiff ........ 8

D. The Public Interest Supports the Requested Stay ........ 9

IV. CONCLUSION ........ 10

## TABLE OF AUTHORITIES

Page

**STATE CASES**

*Dunne & Gaston v. Keltner*,
50 Cal.App.3d 560 (1975) .......... 6

**FEDERAL CASES**

*Alascom, Inc. v. ITT North Elec. Co.*,
727 F.2d 1419 (9th Cir. 1984) .......... 7

*Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*,
128 F.3d 504 (7th Cir. 1997) .......... 7

*Britton v. Co-op Banking Group*,
916 F.2d 1405 (9th Cir. 1990) .......... 2, 3, 4

*C.B.S. Employees Fed. Credit Union v. Donaldson Lufkin & Jenrette Sec. Corp.*,
716 F.Supp. 307 (W.D. Tenn. 1989) .......... 3, 7, 9

*Eberle v. Smith*,
2008 WL 238450 (S.D. Cal. 2008) .......... passim

*Hilton v. Braunskill*,
481 U.S. 770 (1987) .......... 1, 3

*Jones v. Deutsche Bank AG*,
2007 WL 1456041 (N.D. Cal. 2007) .......... 1, 4

*Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*,
460 U.S. 1 (1983) .......... 4, 9

*Mundi v. Union Security Life Insurance Co.*,
2007 WL 2385069 (E.D. Cal. 2007) .......... 1

*Murphy v. DirecTV, Inc.*,
2008 WL 8608808 (C.D. Cal. 2008) .......... 1, 4, 7, 8

*Ontiveros v. Zamora*,
2013 WL 1785891 (E.D. Cal. 2013) .......... 1, 8

*Pokorny v. Quixtar Inc.*,
2008 WL 1787111 (N.D. Cal. 2008) .......... 1, 9

*Protect Our Water v. Flowers*,
377 F.Supp.2d 882 (E.D. Cal. 2004) .......... 4

*Richards v. Ernst & Young LLP*,
2012 WL 92738 (N.D. Cal. 2012) .......... 1

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Steiner v. Apple Computer, Inc.*,
2008 WL 1925197 (N.D. Cal. 2008) .......... 1, 3, 7

*Stern v. Cingular Wireless LLC*,
2006 WL 2790243 (C.D. Cal. 2006) .......... 2

*Winig v. Cingular Wireless LLC*,
2006 WL 3201047 (N.D. Cal. 2006) .......... 2, 4, 8, 9

**STATUTES**

4 Cal. Code Regs, §§ 201, *et seq.* .......... 5

California Business & Professions Code § 18640 .......... 5

California Civil Code § 1654 .......... 6

9 U.S.C. § 16(a)(1)(B) .......... 2

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

## I. INTRODUCTION

On October 15, 2014, this Court denied the Motion to Compel Arbitration and to Dismiss Complaint Pursuant to FRCP 12(b)(6) (the "Arbitration Motion") filed by Defendants Dan Goossen ("Goossen") and Goossen Tutor Promotions, LLC ("GTP") (collectively, "Defendants"). Defendants have appealed that ruling to the Ninth Circuit Court of Appeals. The Ninth Circuit has established a schedule that calls for briefing to be completed by March 2015, and Defendants will pursue the appeal expeditiously.[1]

Defendants respectfully request a stay of further proceedings in this Court while they seek appellate review. In determining whether to issue a stay pending appeal, courts are directed to apply the four-factor test set forth by the Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987), discussed in further detail below.

In light of the procedural posture of a motion to compel arbitration and the policy considerations at issue, the relevant factors virtually always support issuing a stay pending an appeal from an order denying such a motion. Indeed, as Judge Armstrong of this Court observed in *Steiner v. Apple Computer, Inc.*, 2008 WL 1925197 (N.D. Cal. 2008), "almost every California district court to recently consider whether to stay a matter, pending appeal of an order denying a motion to compel arbitration, has issued a stay." *Id.* at *5 (granting motion to stay).

In addition to *Steiner*, stays pending appeals from orders denying motions to compel arbitration were issued in *Ontiveros v. Zamora*, 2013 WL 1785891 (E.D. Cal. 2013), *Richards v. Ernst & Young LLP*, 2012 WL 92738 (N.D. Cal. 2012), *Pokorny v. Quixtar Inc.*, 2008 WL 1787111 (N.D. Cal. 2008), *Murphy v. DirecTV, Inc.*, 2008 WL 8608808 (C.D. Cal. 2008), *Eberle v. Smith*, 2008 WL 238450 (S.D. Cal. 2008), *Jones v. Deutsche Bank AG*, 2007 WL 1456041 (N.D. Cal. 2007), *Mundi v. Union Security Life*

---

[1] Under the schedule established by the Ninth Circuit on October 22, 2014, Defendants' opening brief is due January 30, 2015, Plaintiff's answering brief is due March 2, 2015, and any reply brief is due March 16, 2015. *See* concurrently filed Declaration of James R. Molen, ¶ 2, Exh. A.

*Insurance Co.*, 2007 WL 2385069 (E.D. Cal. 2007), *Winig v. Cingular Wireless LLC*, 2006 WL 3201047 (N.D. Cal. 2006), and *Stern v. Cingular Wireless LLC*, 2006 WL 2790243 (C.D. Cal. 2006), among others. This case is no different; as discussed in further detail below, each of the relevant factors support the issuance of the requested stay.

## II. PROCEDURAL BACKGROUND

Plaintiff Andre Ward filed his complaint in this action on August 4, 2014. Dkt. No. 1. On August 29, 2014, Defendants filed their Arbitration Motion on the grounds that the promotional agreements that have governed the parties' relationship since inception (the "Promotional Agreements") require Plaintiff to arbitrate his claims against Defendants. Dkt. No. 26. Plaintiff filed his opposition to the Arbitration Motion on September 12, 2014 (Dkt. No. 30), and Defendants filed their reply on September 19, 2014. Dkt. No. 31.

The Court held a hearing on the Arbitration Motion on October 6, 2014, and issued the Order denying the motion (the "Order") on October 15, 2014. Dkt. No. 34.

On October 22, 2014, Defendants filed their Notice of Appeal from the Order. Dkt. No. 35. Later that same day, the Ninth Circuit issued its briefing schedule. *See* concurrently filed Declaration of James R. Molen, ¶ 2, Exh. A. Under the Ninth Circuit's briefing schedule, Defendants' opening brief is due January 30, 2015, Plaintiff's answering brief is due March 2, 2015, and Defendants' optional reply brief is due March 16, 2015. *Id.*

## III. ARGUMENT

An order denying a motion to compel arbitration is immediately appealable pursuant to the Federal Arbitration Act. 9 U.S.C. § 16(a)(1)(B). In the Ninth Circuit, a stay of the district court proceedings pending the outcome of an appeal from such an order is discretionary. *See Britton v. Co-op Banking Group*, 916 F.2d 1405, 1412 (9th Cir. 1990). However, as described above, such stays are virtually always granted.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

In determining whether to issue a stay pending appeal, courts are directed to consider the following four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton*, 481 U.S. at 776; *see Steiner, supra*, at *2 (applying *Hilton* factors to determine whether to stay litigation pending appeal from order denying motion to compel arbitration). In the Ninth Circuit, "[t]o satisfy the first *Hilton* factor, a movant need not show a probability of success on appeal." *Eberle, supra*, at *2. Rather, this factor is alternatively satisfied where defendant's appeal raises a "substantial question" to be resolved by the Court of Appeals. *See Britton*, 916 F.2d at 1412 (discussed further *infra*).

Here, each of the relevant factors supports the issuance of the requested stay.

**A. <u>Defendants' Appeal Presents Substantial Questions</u>**

With respect to the first *Hilton* factor, there is an obvious dilemma in that it suggests that the Court must find that Defendants will succeed on the merits of their appeal and that its own decision denying the Arbitration Motion was in error. In *C.B.S. Employees Fed. Credit Union v. Donaldson Lufkin & Jenrette Sec. Corp.*, 716 F.Supp. 307 (W.D. Tenn. 1989), the district court recognized this dilemma, noting that "[t]o make such a finding, the district court would be saying that it erred in not granting defendant's original motion to stay the proceedings pending arbitration, and that the court of appeals is likely to reverse its decision." *Id.* at 309. However, the *C.B.S.* court went on to recognize that the test may be alternatively satisfied where "the movant presents a 'serious legal question.'" *Id.* at 310 (*quoting Washington Area Transit Commission v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977)). This formulation was endorsed by the Ninth Circuit in *Britton*, which held that: "The system created by the Federal Arbitration Act allows the district court to evaluate the merits of the movant's claim, and if, for instance, <u>the court finds that the motion presents a substantial question</u>, to stay the proceedings

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

pending an appeal from its refusal to compel arbitration." 916 F.2d at 1412 (emphasis added) (*citing C.B.S.*, 716 F.Supp. 307 with approval); *see also Winig, supra*, at *1 (finding that first factor was satisfied where defendant's appeal raised a "substantial question"); *Jones, supra*, at *2 (same); *Murphy, supra*, at *2 (same); *Eberle, supra*, at *2. Put another way, "district courts properly stay their own orders when they have ruled on an admittedly difficult legal question and when the equities of the case suggest that the status quo should be maintained." *Protect Our Water v. Flowers*, 377 F.Supp.2d 882, 884 (E.D. Cal. 2004) (internal citations omitted).

Here, Defendants' Arbitration Motion presents several substantial questions:

(1) A substantial question exists as to whether the presumption of arbitrability applies to the interpretation of the Promotional Agreements. It is well-established that "any doubts concerning the scope of arbitrable issues should be resolved in favor arbitration." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 24-25 (1983). As argued in their Arbitration Motion, the Promotional Agreements are, at the very least, susceptible to the interpretation advanced by Defendants, under which Plaintiff would be required to arbitrate his claims. As the Court expressly states in the Order: "Here, the parties present two different reasonable interpretations of the Contract's applicable arbitration clause." Order, 7:22-23. And, while the Court found Plaintiff's interpretation to be more reasonable than Defendants', it recognized that "the Contract presents an ambiguity on which reasonable minds can differ." *Id.* at 7:23-25. Whether, in light of this finding, the presumption of arbitrability requires the Court to compel arbitration presents a substantial question.

(2) Closely related to the first question, a substantial question exists as to whether the purported "supremacy clause" in the Addendums to the Promotional Agreements defeats the presumption of arbitrability. The Addendums to the Promotional Agreements contain a clause that provides that any inconsistencies or ambiguities between the Promotional Agreements and the Addendums "shall be resolved in favor of the Addendum, the Boxing Act and the Commission's rules." *See* Exhs. B and E to the

Declaration of Dan Goossen in support of Arbitration Motion. The Court found that there was an ambiguity in the terms of these documents. The Court then went on to find that, in light of this ambiguity, the above clause – which it describes as a "supremacy clause" – limits the arbitrable issues to those for which arbitration is mandatory under the Addendum. Order, 8:7-9. This finding raises a number of issues, including whether an ambiguity actually exists between the Addendums and the Promotional Agreements.[2] But even if an ambiguity exists, Defendants respectfully submit that this clause cannot defeat the presumption of arbitrability, which requires that any doubts be resolved in favor of arbitration. At the very least, this raises a substantial question.

Moreover, the "supremacy clause" gives priority to "The Boxing Act" and the "Commission's rules," not just the Addendum. Thus, another essential question is the effect of California's Professional Boxing Rules (4 Cal. Code Regs, §§ 201, *et seq.*), incorporated by reference in Paragraph (C)(1) of the Addendums and made part of the "supremacy clause"; and, in particular, the effect of § 221, which provides that "all disputes between the parties to the contract including the validity of the contract shall be arbitrated pursuant to the provisions of the contract" (emphasis added). *See* Cal. Bus. & Prof. Code § 18640.

(3) The Court's construction of the parties' agreements raises other substantial questions, including, for example, whether the clause in the Addendum requiring arbitration of disputes regarding the "validity and/or enforceability" of the parties' agreements may fairly be read to preclude the parties' agreement to arbitrate other disputes, and whether the duty to arbitrate disputes "concerning and/or arising under this Agreement and/or arising under the Addendum" can fairly be read as limiting arbitration solely to disputes "arising under the Addendum."

---

[2] The Court found an ambiguity by interpreting the Addendum as providing that "only" claims relating to the validity and/or enforceability of the Promotional Agreements may be arbitrated. Order, 7:12-16. In fact, the word "only" (or, for that matter, any other term of exclusion) does not appear in the Addendum, and Defendants contend that, in the absence of that word, this "ambiguity" does not exist.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

(4) The Court construed the contract against Defendants pursuant to California Civil Code § 1654 on the assumption that GTP prepared it. This raises other substantial questions, since (a) by its terms, this statute only applies "[i]n cases of uncertainty not removed by the preceding rules," and, here, other rules do remove any uncertainty; (b) this "preparer principle" is not applicable where an agreement is "arrived at by negotiating" (*e.g., Dunne & Gaston v. Keltner*, 50 Cal.App.3d 560, 563 n. 3 (1975)), which the record in this case demonstrates was the case (*e.g.*, Arbitrator's Decision, Goossen Decl. Ex. "H" pp. 70, 73); and (c) if ambiguity were found, it would be in the Addendum, which was prepared by the State Athletic Commission, not GTP.

(5) A substantial question also exists as to whether and to what extent the defamation action filed by Goossen in state court bears on Defendants' Arbitration Motion. In its ruling, the Court found that Goossen's filing of his defamation action against three defendants – including Plaintiff Andre Ward – for allegedly defamatory comments that Goossen was guilty of "willful," "blatant" and "ongoing" violations of the Ali Act "demonstrates that he does not feel contractually obligated to arbitrate all matters concerning his professional relationship with Plaintiff." Order, 8:28-9:2. But Goossen filed the defamation action in his <u>personal</u> capacity. He is not a party to the Promotional Agreements; thus, he could not initiate an arbitration pursuant to the arbitration clause. Moreover, the other two defendants in the defamation action are also not parties to the Promotional Agreement; thus, Goossen could not submit his claims against these defendants to arbitration under any circumstances. The Court found that Goossen should have pursued his defamation claim against these parties separately, "by arbitrating the case as it applies to Plaintiff and litigating the case as it applies to the other defendants." *Id.*, 8:25-27. Even if Goossen could have arbitrated, whether his decision not to pursue the expensive and duplicative course suggested by the Court can serve as a basis for denying Defendants' Arbitration Motion raises another substantial question.

Based on the foregoing, the first *Hilton* factor weighs in favor of granting the requested stay.

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

### B. <u>Failure to Grant a Stay Would Cause Defendants Irreparable Harm</u>

If the Court were to deny the requested stay and its decision is later reversed on appeal, in addition to the time expended by this Court and its personnel, the litigation expenses incurred by Defendants in the interim would defeat the important cost-limiting purpose of arbitration agreements. In the context of an appeal from an order denying a motion to compel arbitration, this constitutes irreparable harm. *See Steiner, supra,* at *5 (holding that "costs of litigation in the face of a denied motion to compel arbitration will generally constitute irreparable harm…"); *Eberle, supra,* at *3 ("Although monetary expenses incurred in litigation are normally not considered irreparable, it is a unique situation when these expenses are incurred pending an appeal of an order refusing to compel arbitration."); *Murphy, supra,* at *3 (noting that "in the special context of a denied motion to compel arbitration, the second *Hilton* factor will generally be satisfied.") (quotations omitted); *see also Alascom, Inc. v. ITT North Elec. Co.*, 727 F.2d 1419, 1422 (9th Cir. 1984) ("If [a] party must undergo the expense and delay of a trial before being able to appeal, the advantages of arbitration – speed and economy – are lost forever"); *Bradford-Scott Data Corp. v. Physician Computer Network, Inc.*, 128 F.3d 504, 506 (7th Cir. 1997) ("The worst possible outcome would be to litigate the dispute, to have the court of appeals reverse and order the dispute arbitrated, to arbitrate the dispute, and finally to return to court to have the award enforced."); *C.B.S.*, 716 F.Supp. at 310 (holding that because "[t]he main purpose for defendants' appeal is to avoid the expense of litigation…the time and expense of litigation do constitute irreparable harm in this instance.")

This lawsuit has already been and will continue to be very costly. The continued time and expense of litigation pending Defendants' appeal to the Ninth Circuit constitutes irreparable harm and supports the requested stay.

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

### C. <u>Granting a Stay Pending Appeal Would Not Prejudice Plaintiff</u>

While Defendants will suffer irreparable harm if they are required to continue defending Plaintiff's claims in this Court while their appeal to the Ninth Circuit is pending, Plaintiffs would suffer no comparable harm if the Court issues the requested stay. As a preliminary matter, a stay has the potential to maximize efficiency and economy for all parties, including Plaintiff. If Defendants prevail on appeal, the costs incurred and time spent by both sides to continue litigating in this Court will have been wasted.

Furthermore, mere delay does not, in itself, constitute prejudice to Plaintiff for purposes of this inquiry. Rather, the third *Hilton* factor is "generally concerned with undue loss or destruction of evidence stemming from a delay." *Ontiveros, supra*, at *5; *see Winig, supra*, at *2 (holding that third factor supported stay because "the Court is not persuaded that plaintiff or the proposed class will suffer harm in connection with the preservation of evidence"); *Eberle, supra*, at *4 (plaintiffs' generalized allegations that "documents could be lost" and witnesses' "memories may dim" were insufficient to demonstrate prejudice resulting from stay); *Murphy, supra*, at *3 (holding that delay alone did not justify denying stay where "any risk of lost evidence is entirely speculative").

Here, the only conceivable harm to Plaintiff if a stay is issued is the delay pending appeal. There is no reason to believe that any evidence will be lost during this time. Moreover, under the Ninth Circuit's briefing schedule, the delay pending appeal will be relatively short, as the appeal is to be fully briefed within the next four months. *See, e.g., Murphy, supra*, at *3, fn. 2 (noting that delay pending appeal did not justify denial of motion to stay where "Ninth Circuit has already issued a briefing schedule under which all briefing will be completed by the end of the year."). As the above cases make clear, this delay does not, in itself, justify denial of the requested stay. Nor does it compare to the time and money that would be incurred in this litigation before the Ninth Circuit decides whether this dispute is even subject to judicial resolution. *See Eberle, supra*, at *3 ("When a defendant appeals an order refusing to compel arbitration, the general

GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590

disadvantage to plaintiff caused by delay of proceedings is usually outweighed by the potential injury to defendant from proceeding in district court during pendency of appeal.”).

Finally, this case is still in its nascent stages, having been filed by Plaintiff less than three months ago. Granting a stay at this stage of the proceedings will not materially affect any pending motions or pre-trial dates. As of this writing, there are none.

### D. <u>The Public Interest Supports the Requested Stay</u>

The fourth factor to be considered in determining whether to issue a stay pending appeal is whether it is in the public interest. The Supreme Court has held that the Federal Arbitration Act sets forth a “congressional declaration of a liberal federal policy favoring arbitration agreements.” *See Moses H. Cone*, 460 U.S. at 24. As the Southern District of California explained in *Eberle*: “It is clear that disputes about whether or not parties must submit to arbitration take place against a backdrop of policies encouraging arbitration and the preservation and integrity of judicial resources. [C]ontinuing to litigate in this Court during the pendency of the appeal would undermine both policies because of the risk of redundant or inconsistent actions.” *Id.* at *4; *see also Pokorny, supra*, at *2 (“The speed and efficiency of ADR are the foundation for a strong federal policy favoring arbitration over litigation, which would be contravened by requiring the parties to litigate while the appeal is pending.”).

Accordingly, a stay will advance the public interest in arbitration by ensuring that Defendants are not required to litigate the instant action in district court until the Ninth Circuit addresses the pending appeal. Moreover, a stay will promote the public interest in the economical use of judicial resources. As the district court observed in *C.B.S.*: “It does not make sense for this Court to expend its time and energy preparing this case for trial and possibly trying it only to learn at a later date from the court of appeals that it was not the proper forum to hear the case.” *C.B.S.*, 716 F.Supp. at 310; *see also Winig, supra*, at *3 (*quoting C.B.S.*, 716 F.Supp. at 310 with approval, and holding that fourth factor

supported issuance of stay because it "would promote the public interest in the economical use of judicial resources.").

## IV. CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court stay further proceedings in this action pending resolution of their appeal to the Ninth Circuit from the Court's Order denying Defendants' Arbitration Motion.

DATED: October 31, 2014

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: */s/ Charles N. Shephard*
CHARLES N. SHEPHARD (SBN 078129)
Attorneys for Defendants Dan Goossen and Goossen Tutor Promotions, LLC

GREENBERG GLUSKER FIELDS CLAMAN
& MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, California 90067-4590